[S. F. No. 381. In Bank.—February 25, 1896.]

W. A. GETT, PETITIONER, v. BOARD OF SUPERVISORS OF SACRAMENTO COUNTY, RESPONDENT.

MANDAMUS—PARTIES NOT INTERESTED—CONSTITUTIONALITY OF PRIMARY ELECTION LAW.—A petition by a taxpayer of Sacramento county for a writ of mandate to the supervisors of that county, commanding them to perform the duties imposed upon election commissioners and boards of supervisors by the act of March 27, 1895, relating to primary elections, must be denied for want of interest of either of the parties in that act, it being expressly limited to counties of the first and second class, consisting only of the city and county of San Francisco and the

county of Los Angeles, as those classes are defined by the latest County
Government Act to which the primary election law is intended to refer;
and the question of the constitutionality of that law cannot be decided
upon the submission of parties not interested therein.

PETITION in the Supreme Court for a writ of man-
date to the supervisors of Sacramento County.

The facts are stated in the opinion of the court.

*D. E. Alexander,* for Petitioner.

*Frank D. Ryan* and *Charles Jones,* for Respondent.

BEATTY, C. J.—This is an original proceeding in
which the petitioner asks a writ of mandate to the
supervisors of Sacramento county, commanding them
to perform the duties imposed upon election commis-
sioners and boards of supervisors, by the act of March
27, 1895 (Stats. 1895, p. 207), relating to primary elec-
tions.

The act, by its express terms, is restricted to counties
of the first and second classes (Stats. 1895, sec. 26, p.
218), and, consequently, has no application to Sacra-
mento county, or any other, except the city and county
of San Francisco and the county of Los Angeles, unless
the contention of petitioner can be sustained that the
classes referred to in said section 26 are those defined
in section 4006 of the Political Code as originally
enacted, which reads as follows:

" SEC. 4006. For purposes other than roads and
highways the counties of this state are classified as fol-
lows: 1. Those containing twenty thousand inhabitants
or over constitute the first class; 2. Those containing
eight thousand and under twenty thousand inhabitants
constitute the second class; and 3. Those containing
less than eight thousand inhabitants constitute the
third class."

This section was a part of title II of part IV of the
Political Code relating to the government of counties as
the same was regulated prior to the adoption of the

present constitution.   By the act of March 14, 1883, en-
titled "An act to establish a uniform system of county and
township government " (Stats. 1883, p. 299), the whole
law upon this subject was revised and the old law in
most respects superseded.   This being so it is extremely
doubtful whether the classification established by sec-
tion 4006 of the Political Code is continued in force for
any purpose whatever, but, conceding that it may be in
force with respect to some matters regulated by statutes
passed prior to the new classification contained in the
act of 1883, we have no doubt that the reference in the
primary election law is to the classes defined in the latest
County Government Act, and not to the classes estab-
lished by section 4006 of the Political Code.   It follows,
therefore, that neither this petitioner nor the respondents
have any interest in the determination of the question
which they have attempted to submit, i. e., the constitu-
tionality of the act of March 27, 1895, and that it ought
not to be decided upon such attempted submission.

Writ denied and proceeding dismissed.

McFARLAND, J., HARRISON, J., GAROUTTE, J., VAN
FLEET, J., TEMPLE, J., and HENSHAW, J., concurred.